# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

## CASE NO. 23-1134
_____

OWEN W. BARNABY,

     Plaintiff/Appellant,

v.

MICHIGAN STATE GOVERNMENT ET AL.,

     Defendants/Appellees.

---

**Appeal from the United States District Court for the
Western District of Michigan
Case No. 1:22-CV-1146**

**Appellee The City of Benton Harbor's Brief**

By:  BODMAN PLC

Thomas J. Rheaume, Jr. (P74422)
Emily P. Jenks (P84497)
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, Michigan 48226
trheaume@bodmanlaw.com
ejenks@bodmanlaw.com
(313) 259-7777
*Attorneys for Appellees*

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................iv

STATEMENT REGARDING ORAL ARGUMENT ......................................... viii

JURISDICTIONAL STATEMENT ......................................................1

STATEMENT OF ISSUES PRESENTED FOR REVIEW ....................................2

INTRODUCTION ..........................................................................4

STATEMENT OF THE CASE.............................................................4

    A. The foreclosures of Mr. Barnaby's properties were affirmed in Michigan state court .................................................................5

    B. Mr. Barnaby was denied relief in his first federal lawsuit regarding the foreclosures: *Barnaby v. Witkowski* ..................................................6

    C. Mr. Barnaby's challenge to the validity of the state court proceedings failed: *Barnaby v. Mayfield* ...........................................................7

    D. Mr. Barnaby filed the present lawsuit ...........................................8

SUMMARY OF THE ARGUMENT ....................................................13

STANDARDS OF REVIEW .............................................................14

ARGUMENT ..............................................................................15

    I. THE DISTRICT COURT CORRECTLY DISMISSED MR. BARNABY'S CLAIMS UNDER FED. R. CIV. P. 12(B)(1).....................15

        A. Mr. Barnaby's claims are precluded by both claim preclusion and issue preclusion .......................................................................15

            *1. Mr. Barnaby's claims are barred by claim preclusion* .....................15

            *2. Mr. Barnaby's claims are barred by issue preclusion* ........................18

        B. Mr. Barnaby's claims are devoid of merit ...............................19

4861-9674-4804_1

II. THE DISTRICT COURT HAD AUTHORITY TO DISMISS MR. BARNABY'S SECOND AMENDED COMPLAINT *SUA SPONTE* .................................................................................23

III. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING MR. BARNABY LEAVE TO FILE THE PROPOSED AMENDED COMPLAINT .........................................................24

CONCLUSION .........................................................................26

CERTIFICATE OF COMPLIANCE ...............................................28

4861-9674-4804_1

# TABLE OF AUTHORITIES

## CASES

*Arangure v. Whitaker*,
   911 F.3d 333 (6th Cir. 2018)..........................................................................15

*Arizona v. California*,
   530 U.S. 392 (2000) ......................................................................................23

*Armour v. McCalla*,
   16 F. App'x 305 (6th Cir. 2001)....................................................................16

*B & B Hardware, Inc. v. Hargis Indus., Inc.*,
   575 U.S. 138 (2015) ......................................................................................18

*Barnaby v. Mayfield*,
   1:20-cv-232 ...............................................................................................7, 24

*Barnaby v. Mayfield*,
   2021 U.S. App. LEXIS 13728 (6th Cir. May 7, 2021) ....................................8

*Barnaby v. Witkowski*,
   2018 WL 3787961; 758 F. App'x 431 (W.D. Mich. Jan. 12, 2018) 6, 17, 19, 24

*Beydoun v. Sessions*,
   871 F.3d 459 (6th Cir. 2017)..........................................................................24

*Black v. Ryder/P.I.E. Nationwide, Inc.*,
   15 F.3d 573 (6th Cir. 1994)............................................................................15

*Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*,
   402 U.S. 313 (1971) ......................................................................................23

*Browning v. Levy*,
   283 F.3d 761 (6th Cir. 2002)..........................................................................16

*Carrier Corp. v. Outokumpu Oyj*,
   673 F.3d 430 (6th Cir. 2012)..........................................................................14

iv

*Cemer v. Marathon Oil Co.*,
   583 F.2d 830 (6th Cir. 1978)..............................................................15

*Cobbins v. Tenn. Dep't of Transp.*,
   566 F.3d 582 (6th Cir. 2009)..............................................................18

*Commissioner v. Sunnen*,
   333 U.S. 591 (1948)..........................................................................23

*Fitts v. Snyder*,
   2014 WL 2605429 (E.D. Mich. June 11, 2014)...................................26

*Helfrich v. Metal Container Corp.*,
   11 Fed. Appx. 574 (6th Cir. 2001)......................................................16

*Holloway Constr. Co. v. U.S. Dep't of Labor*,
   891 F.2d 1211 (6th Cir. 1999).................................................... 13, 23

*Hood v. United States*,
   1:15-cv-1279 ....................................................................................16

*Malcom v. Colonial Life & Accident Co.*,
   2022 WL 468949 (E.D. Mich. Feb. 15, 2022).....................................20

*McCormick v. Miami Univ.*,
   693 F.3d 654 (6th Cir. 2012)..............................................................14

*Mike's Train House, Inc. v. Lionel, L.L.C.*,
   472 F.3d 398 (6th Cir. 2006)..............................................................14

*Miller v. Calhoun Cty*,
   408 F.3d 803 (6th Cir. 2005)..............................................................25

*Moher v. United States*,
   875 F. Supp. 2d 739 (W.D. Mich. 2012) ............................................25

*Montana v. United States*,
   440 U.S. 147 (1979)..........................................................................15

4861-9674-4804_1

*Parklane Hosiery Co. v. Shore*,
    439 U.S. 322 (1979) .......................................................................................23

*Rambacher v. C.I.R.*,
    4 F. App'x 221 (6th Cir. 2001) ........................................................................19

*Rose v. Hartford Underwriters Ins. Co.*,
    203 F.3d 417 (6th Cir. 2000)............................................................................14

*Saro v. Brown*,
    11 F. App'x 387 (6th Cir. 2001) ......................................................................21

*Taylor v. Sturgell*,
    553 U.S. 880 (2008) .........................................................................................15

*Trs. of Operating Eng'rs Local 234 Pension Fund v. Bourdow Contracting, Inc.*,
    919 F.3d 368 (6th Cir. 2019)............................................................................16

U.S. Dist. LEXIS 142980; WL 6067955 .................................................................16

*United States v. Mendoza*,
    464 U.S. 154 (1984) .........................................................................................19

*United States v. Tohono O'odham Nation*,
    563 U.S. 307......................................................................................................17

*Wayside Church v. Van Buren County*,
    847 F.3d 812 (6th Cir. 2017)................................................................... 14, 14

*White v. Perron*,
    2021 WL 3855589 (W.D. Mich. Aug. 30, 2021)..............................................21

*White v. Stephens*,
    2014 WL 4925867 (W.D. Tenn. Sept. 30, 2014)..............................................26

*Winget v. JP Morgan Chase Bank*,
    537 F.3d 565 (6th Cir. 2008)............................................................................17

4861-9674-4804_1

## FEDERAL STATUTES

Title 18, U.S.C.
    § 471 ..................................................................................................20
    § 1341 ................................................................................................21

Title 28, U.S.C.
    § 1291 ..................................................................................................1
    § 1332 ..................................................................................................1
    § 1915 ..................................................................................................7

## STATE STATUTES

Michigan
    MCL 211.78 .......................................................................................20
    Mich. Comp. Laws 750.248 ...............................................................21

## FEDERAL RULES

Federal Rules of Appellate Procedure
    Rule 32 ..............................................................................................28

Federal Rules of Civil Procedure
    Rule 12 ................................................................................ *passim*
    Rule 15 ..............................................................................................24
    Rule 60 ..............................................................................................7

## OTHER AUTHORITIES

Restatement (Second) of Judgments § 27 (1982) ....................................18

4861-9674-4804_1

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellee The City of Benton Harbor does not believe the issues in this appeal are novel or complex. Thus, oral argument is not necessary.

## **JURISDICTIONAL STATEMENT**

Jurisdiction was proper in the district court under 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy as alleged by Mr. Barnaby exceeds $75,000. Plaintiff Owen W. Barnaby is an individual domiciled in Georgia. Defendants/Appellees are all Michigan governments or Michigan-domiciled individuals.

Appellate jurisdiction is based on 28 U.S.C. § 1291, which provides for an appeal as of right from a final decision of a district court. The district court dismissed Mr. Barnaby's claim on February 13, 2023 and issued an opinion and final judgment. Appellant filed his notice of appeal on February 13, 2023.

4861-9674-4804_1

## <u>STATEMENT OF ISSUES PRESENTED FOR REVIEW</u>

1.   Where Mr. Barnaby's claims (1) directly arose from a previously fully-litigated lawsuit, and (2) alleged statutory claims with no private cause of action against parties with no connection to the subject matter of the claims, did the district court properly dismiss Mr. Barnaby's claims under Fed. R. Civ. P. 12(b)(1)?

>   Owen W. Barnaby answers:  Yes.

>   The City of Benton Harbor answers:  No.

>   The district court answered:  No.

2.   Where the district court had awareness of a prior lawsuit involving the same set of facts and litigants, did the district court lack authority to dismiss Plaintiff's claims *sua sponte*?

>   Owen W. Barnaby answers:  Yes.

>   The City of Benton Harbor answers:  No.

>   The district court answered:  No.

3.   Where Mr. Barnaby's proposed amended complaint simply re-packaged the Second Amended Complaint's allegations and amendment would have been futile, did the district court abuse its discretion in denying Mr. Barnaby's Motion to Amend his Complaint?

>   Owen W. Barnaby answers:  Yes.

The City of Benton Harbor answers:  No.

The district court answered:  No.

4861-9674-4804_1

**INTRODUCTION**

Fifteen years ago Plaintiff-Appellant Owen Barnaby (herein "Mr. Barnaby") failed to pay his taxes on properties located in Berrien County, Michigan. Those properties were foreclosed upon. A state court held that the foreclosures were valid and that Plaintiff-Appellant was not entitled to damages. Additional litigation ensued in federal court on the same issues. This appeal results from the <u>third</u> federal district court that has dismissed Mr. Barnaby's attempts to re-litigate issues related to the foreclosure of his properties.

Regardless of how Mr. Barnaby re-packages his case, he cannot avoid the plain fact that he has already fully adjudicated his claims regarding the foreclosure on the merits. The district court correctly dismissed Mr. Barnaby's claims under Fed. R. Civ. P. 12(b)(1) because they are barred by claim and issue preclusion, and are devoid of merit. Mr. Barnaby argues on appeal that the Court did not have jurisdiction to dismiss his claim *sua sponte*, his claims were not barred, and that he should have been permitted to file another amendment to his Complaint. None of Mr. Barnaby's arguments are supported by law, and this Court should affirm the district court.

**STATEMENT OF THE CASE**

Mr. Barnaby's statement of the case provides a narrative that is difficult to follow. Defendant-Appellee Benton Harbor has summarized the relevant factual

4

background and the issues on appeal to correct some of Mr. Barnaby's most egregious misstatements.

## A. The foreclosures of Mr. Barnaby's properties were affirmed in Michigan state court.

This matter arises from the fully-litigated and valid foreclosure of certain real property in Berrien County, Michigan. Mr. Barnaby owned properties situated in Berrien County, including several in Benton Harbor. *See generally* Second Amended Complaint, R. 10. He failed to pay taxes on those properties. R. 57-8, Page ID # 637. He claimed that he had entered into a verbal agreement with the Berrien County treasurer, Mr. Bret Witkowski, to pay his taxes based upon a payment plan. *Id.* at 638. To the extent that any such payment plan existed, Mr. Barnaby then failed to pay under the payment plan as well. *Id.* As a result of his nonpayment Mr. Barnaby's properties were foreclosed upon in 2010. *Id.*

Mr. Barnaby filed an action in Michigan state court in 2012 challenging the foreclosures. *See* Sixth Circuit Decision Remanding *Witkowski* Case, R. 57-8, Page ID # 638. Although the state court noted that the foreclosure had technically violated state law because the County had not first obtained a foreclosure judgment, the state court nonetheless held that the foreclosure was valid. Under Michigan law, a sale of property can only be set aside if the sales procedure was so egregious that the foreclosure proceedings had violated the due process of the property's owner. *Id.*

5

Mr. Barnaby had notice of the auction and was even present at it; thus, the court held that his due process had not been violated. *Id.*

## B. Mr. Barnaby was denied relief in his first federal lawsuit regarding the foreclosures: *Barnaby v. Witkowski*.

After his loss in state court, Mr. Barnaby filed a federal suit in the Western District of Michigan in 2014 against Berrien County and Berrien County Treasurer Bret Witkowski, alleging that the defendants had engaged in wrongful actions in procuring the judgment in the state court case. *See* Sixth Circuit Decision Affirming Dismissal of *Witkowski* Case, R. 57-9, Page ID # 637. The district court initially dismissed Mr. Barnaby's claims as barred by the Rooker-Feldman doctrine. However, this Court vacated and remanded that decision because the Rooker-Feldman doctrine did not apply. *See Barnaby v. Witkowski*, No. 1-14-cv-1279, WL 3701727, at *2 (6th Cir. Feb. 17, 2017). *Id.* at Page ID # 639. The Court reasoned that Mr. Barnaby had not alleged injuries arising from the state court judgment; rather, his injuries arose from actions taken by the defendants in obtaining the state court judgment. *Id.* The case was remanded to the Western District of Michigan, where the district court dismissed Mr. Barnaby's claims on summary judgment because they were barred by claim and issue preclusion. This Court affirmed. *See Barnaby v. Witkowski*, No. 1:14-CV-1279, 2018 WL 3787961 (W.D. Mich. Jan. 12,

4861-9674-4804_1

2018), aff'd 758 F. App'x 431 (6th Cir. 2018); *see also* Sixth Circuit Decision

Affirming Dismissal of *Witkowski* Case, R. 57-9, Page ID # 642.[1]

### C. Mr. Barnaby's challenge to the validity of the state court proceedings failed: *Barnaby v. Mayfield*.

Mr. Barnaby filed a civil rights complaint in 2020 against two state courts and

eleven judges, comprising of the courts and judges who were involved in his

unsuccessful suit in Michigan state court. Much like the allegations of the present

case, Mr. Barnaby claimed that the state court judges and state courts had acted

wrongly in upholding the foreclosures in the state court case, and therefore the

judgments were unconstitutional and non-binding. *See Barnaby v. Mayfield*, No

1:20-cv-232, 2021 U.S. Dist. LEXIS 80486 (W.D. Mich. May 7, 2020). The

Western District of Michigan dismissed this lawsuit by adopting the magistrate

judge's report and recommendation dismissing Mr. Barnaby's claims under 28

U.S.C. § 1915(e)(2)(B). *Id.* Specifically, Mr. Barnaby had failed to present a live

---

[1] After this Court affirmed the district court's dismissal of Mr. Barnaby's claims in the *Witkowski* matter, Mr. Barnaby filed a motion for relief from judgment, which the magistrate judge denied and the district court and this Court affirmed. *Barnaby v. Witkowski*, No. 19-1495 (6th Cir. Oct. 8, 2019). He brought yet another motion for relief from judgment under Fed. R. Civ. P. 60. When that motion was denied by the magistrate judge, Mr. Barnaby filed a motion for reconsideration, which the magistrate judge denied. R. 57-10. Mr. Barnaby appealed; this Court again affirmed. *See Barnaby v. Witkowski*, No. 21-1598 (6th Cir. September 26, 2022); *see also* R. 57-10. Plaintiff-Appellant alleges that it was not until this final ruling that he became aware of the Defendants' alleged misdeeds.

4861-9674-4804_1

case or controversy and because the claims in that matter were barred by the Rooker-Feldman doctrine because it would have required this Court to exercise jurisdiction over the actions and decisions of state court judges. *Id.* This Court again affirmed. *Barnaby v. Mayfield*, No. 1:20-1564, 2021 U.S. App. LEXIS 13728 (6th Cir. May 7, 2021).

## D. Mr. Barnaby filed the present lawsuit.

In the instant matter, Mr. Barnaby brought suit against a series of defendants including several he had not previously sued, such as the City of Benton Harbor ("Benton Harbor").

Mr. Barnaby originally filed this suit in the Eastern District of Michigan on October 7, 2022. ECF No. 1. Plaintiff filed a First Amended Complaint, R. 6, and then a Second Amended Complaint, R. 10. The Second Amended Complaint is operative in this appeal and alleges twenty-three counts against two dozen Defendants, generally pleading claims of gross negligence, theft, due process violations, fraud, and conspiracy, with several criminal and state and federal statutes cited. *Id.*

The Second Amended Complaint can be divided in to three categories of claims First, Mr. Barnaby brings Counts I (gross negligence), II (Theft), II (due process violations), and IV (fraudulent misrepresentation & omission) against defendants Niles Charter Township, the City of Benton Harbor, Berrien County

Treasurer Bret Witkowski, several Berrien County government offices and officials, former and current governors of the State of Michigan, attorney general Dana Nessel, several individual attorneys, and the Holmstrom Law Firm due to their involvement in the foreclosure proceedings. *Id.*

Second, Mr. Barnaby also filed claims of gross negligence and due process violation against the Supreme Court of Michigan and the State Bar of Michigan. *Id.* Finally, Mr. Barnaby also claims "constitutional rights violations" against the Michigan Supreme Court for its refusal to hold Bret Witkowski liable for the unauthorized practice of law. *Id.*

The Eastern District of Michigan transferred this case to the Western District of Michigan because the properties at issue in the complaint were situated in the Western District. Order Transferring Case, R. 11, Page ID # 231. Magistrate Judge Berens issued a Report and Recommendation on December 14, 2022 recommending that the district court dismiss the Second Amended Complaint in its entirety for lack of subject matter jurisdiction because the allegations were barred by issue and claim preclusion. Report and Recommendation, R. 16, Page ID # 12-14.

The Report and Recommendation also found that to the extent any issues in the complaint were not precluded by the prior litigation, Mr. Barnaby's claims were devoid of merit. *Id.* at 14-16. Specifically, Plaintiff's claims under criminal statutes did not provide a private cause of action; his claim for unauthorized practice of law

4861-9674-4804_1

did not provide a private cause of action; and defendants who were government actors were entitled to immunity under the Eleventh Amendment. *Id.* at Page ID # 16-17.

After the Report and Recommendation was issued, Mr. Barnaby attempted to file another amended complaint. *See* Motion to Amend, R. 37; Proposed Amended Complaint, R. 36. The Proposed Third Amended Complaint added nine new defendants and attempted to reorganize Mr. Barnaby's allegations into sixteen "new" claims. Magistrate Judge Berens denied Mr. Barnaby's motion for leave to file the third amended complaint as futile. Order Denying Leave to Amend, R. 62, Page ID # 879. Plaintiff appealed the magistrate judge's denial to the district court judge. Notice of Appeal to District Court Judge and Brief in Support, R. 63, R. 64. The district court judge affirmed the magistrate judge's decision to deny Mr. Barnaby's motion for leave to amend based upon futility because "nothing in the amendment alters the fundamental analysis [of the Report and Recommendation], which is that Barnaby's claims are barred by claim and issue preclusion." R. 67, Page ID # 942. As the district court stated, "[u]ltimately, this case represents Barnaby's continuing efforts to set aside a decade-old final judgment of the state court with which he disagrees . . . . To the extent that any new claims have been asserted at all, they are either facially inapplicable to the facts as alleged or barred

by the Eleventh Amendment." *Id.* Mr. Barnaby appealed the denial of his motion to amend decision to this Court. Notice of Appeal, R. 69.

Shortly after filing the Proposed Amended Complaint, Mr. Barnaby also filed objections to the Report and Recommendation. Objections to Report and Recommendation, R. 57, Page ID # 529-535. In his objections, Mr. Barnaby claims that his injuries were caused by Defendants' filing of false affidavits or other "forged" documents. *Id.* at Page ID # 538. Mr. Barnaby also relied on arguments made in the Proposed Amended Complaint. Namely, Mr. Barnaby argued that his Proposed Amended Complaint rendered the Report and Recommendation moot, he should have been granted leave to amend his complaint and the nine new defendants (all of whom are judges in Michigan state courts) were necessary to his case. *Id.* at Page ID # 557. The district court considered Mr. Barnaby's objections in its order adopting the Report & Recommendation. R. 67, Page ID # 940.

The District Court adopted the Report and Recommendation and dismissed Mr. Barnaby's suit in its entirety, R. 67, Page ID # 939-943, and entered a judgment in accordance with that Order. R. 68, Page ID # 944. The Report and Recommendation adopted by the Court explained that claim and issue preclusion barred Mr. Barnaby's claims. "As the Magistrate thoroughly details in her Report, this case is Plaintiff's fourth attempt to pursue the same claims related to the 2010 foreclosure. All prior efforts have failed." R. 67, Page ID # 940-41. The additional

11

parties Mr. Barnaby brought as defendants in this matter who were not defendants in the prior matter(s) were either in privity with the parties to the previous lawsuit, or had no factual connection to this lawsuit. *Id*.; *see also* R. 16, Page ID # 14-15. Specifically:

> The fact that Barnaby has added numerous other parties to this action who are either in privity with Witkowski and Berrien County or have no factual connection to the 2010 foreclosure does not change the above analysis [regarding issue and claim preclusion]. Likewise, his new allegation of a wide-ranging conspiracy . . . provides no escape from claim and issue preclusion . . . . This is nothing more than a legal conclusion devoid of factual content, which does not plausibly allege a conspiracy . . . . Finally, Barnaby's forgery allegations do not save his claim from the preclusion doctrines . . . . In the end, Barnaby is left with the same set of facts that were before the state court.

R. 16, Page ID # 14-15.

In addition, Mr. Barnaby's claims of conspiracy and forgery were properly dismissed because they were unsupported by the allegations in his Complaint and were clear attempts to re-litigate the state foreclosure proceedings. *Id.*, Page ID # 15-16. The remaining claims were devoid of merit because they relied on statutes which were irrelevant to his claims, had no private right of action, or were otherwise barred by the Eleventh Amendment. *Id*., Page ID # 16-17.

4861-9674-4804_1

## SUMMARY OF THE ARGUMENT

The district court carefully and properly analyzed applicable law in light of Mr. Barnaby's Complaint. This Court should affirm the district court's dismissal of Mr. Barnaby's suit in its entirety.

***First***, the district court properly dismissed Mr. Barnaby's claims under Fed. R. Civ. P. 12(b)(1). All of Mr. Barnaby's claims were barred by issue preclusion or claim preclusion, and were devoid of merit because they alleged claims against parties with no factual connection to the foreclosures, and the alleged statutory violations do not give rise to private causes of action.

***Second***, contrary to Mr. Barnaby's claims, the district court had authority to dismiss Mr. Barnaby's Complaint under res judicata *sua sponte* because the Western District of Michigan had notice that it had previously decided the issues presented in Mr. Barnaby's case. *Holloway Constr. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1999).

***Finally***, the district court did not abuse its discretion in denying Mr. Barnaby's motion for leave to amend his complaint. The Proposed Amended Complaint failed to cure the defects outlined in the magistrate judge's Report and Recommendation, and allowing the amendment would have been futile.

13

## STANDARDS OF REVIEW

Challenges to subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules "are categorized as either a facial attack or a factual attack." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012). A facial attack on subject-matter jurisdiction, such as the one raised by the district court in this case, challenges the sufficiency of the pleadings. *Wayside Church v. Van Buren County*, 847 F.3d 812, 817 (6th Cir. 2017). "Under a facial attack, all of the allegations in the complaint must be taken as true, much as with a Rule 12(b)(6) motion." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). The district court's ultimate judgment in such cases is reviewed *de novo*. *Wayside Church*, 847 F.3d at 817.

This Court reviews the denial of a motion to amend for abuse of discretion. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). An abuse of discretion occurs when the district court relies on clearly erroneous findings of fact, improperly applies the law, or uses an erroneous legal standard. *Mike's Train House, Inc. v. Lionel, L.L.C.*, 472 F.3d 398, 405 (6th Cir. 2006) (quotation marks and citation omitted). This Court has stated that it only finds an abuse of discretion when the Court has a definite and firm conviction that the district court committed a clear error of judgment. *Id.*

# ARGUMENT

## I. THE DISTRICT COURT CORRECTLY DISMISSED MR. BARNABY'S CLAIMS UNDER FED. R. CIV. P. 12(B)(1).

### A. Mr. Barnaby's claims are precluded by both claim preclusion and issue preclusion.

"Res judicata 'preclude[s] parties from contesting matters that they have had a full and fair opportunity to litigate.'" *Arangure v. Whitaker*, 911 F.3d 333, 337 (6th Cir. 2018) (alteration in original) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). There are two types of res judicata: issue preclusion and claim preclusion. *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The district court correctly determined that Mr. Barnaby's claims were barred by both.

### 1. Mr. Barnaby's claims are barred by claim preclusion.

The doctrine of claim preclusion provides that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action on the same cause between the same parties or their privies, with respect to every matter that was actually litigated in the first case, as well as every ground of recovery that might have been presented. *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994). "Where two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit." *Cemer v. Marathon Oil Co.*, 583 F.2d 830, 832 (6th Cir. 1978). Claim preclusion bars "every matter actually litigated as well as every theory of recovery that could have been

15

presented." *Hood v. United States*, No. 1:15-cv-1279, 2016 U.S. Dist. LEXIS 142980, 2016 WL 6067955, at *2 (citing *Armour v. McCalla*, 16 F. App'x 305, 306 (6th Cir. 2001)).

A claim is barred by claim preclusion if all of the following elements are present: (1) a final decision on the merits; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Trs. of Operating Eng'rs Local 234 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 380 (6th Cir. 2019) (quoting *Browning v. Levy*, 283 F.3d 761, 771 (6th Cir. 2002).

All claim preclusion requirements are met here. First, the decision in *Barnaby v. Witkowski* was a final decision on the merits. *See* Sixth Circuit Court Decision Affirming Dismissal of *Witkowski* Case, R. 57-9, Page ID # 643; *see also Helfrich v. Metal Container Corp.*, 11 Fed. Appx. 574, 576 (6th Cir. 2001) (a decision on a Fed. R. Civ. P. 12(b)(6) motion for summary judgment is a decision on the merits). Second, although Mr. Barnaby brought several new defendants in this action compared to *Witkowski*, those parties are "either in privity with Witkowski and Berrien County or have no factual connection to the 2010 foreclosure[,]" including Benton Harbor. *See* R. 16, Page ID # 14; *see also* Section I.B, *infra*.

The third prong of claim preclusion is also met because this matter involves an issue in the subsequent action which was actually litigated or should have been litigated in the prior action. The primary allegations in Mr. Barnaby's Second Amended Complaint relate to the foreclosure proceedings themselves and the state court case that he brought to challenge the foreclosures. *See generally* Second Amended Complaint, R. 10. The foreclosures have already been deemed valid by the Michigan state court; and Mr. Barnaby has previously received a final adjudication on the merits of his claims regarding fraud and misrepresentation during the pendency of those lawsuits in the *Witkowski* matter. *See Barnaby v. Witkowski*, No. 1:14-CV-1279, 2018 WL 3787961 (W.D. Mich. Jan. 12, 2018), aff'd 758 F. App'x 431 (6th Cir. 2018); *see also* R. 57-9. As such, Mr. Barnaby has had a full and fair opportunity to litigate both the 2010 foreclosure proceedings in state court and his allegations of fraud, due process violations, and misrepresentation in the *Witkowski* matter.

Finally, the causes of action in this matter are identical to those raised in the state court and *Witkowski* matters. An identity of the causes of action exists "if the claims arose out of the same transaction or series of transactions, or if the claims arose out of the same core of operative facts." *Winget v. JP Morgan Chase Bank*, 537 F.3d 565, 580 (6th Cir. 2008). For this prong, the critical consideration is operative "factual overlap" between the claims. *United States v. Tohono O'odham*

*Nation*, 563 U.S. 307, 315, (2011). The crux of Mr. Barnaby's claims in the Second Amended Complaint relate only to the foreclosure proceeding and the individuals and government entities involving the foreclosure proceedings. Mr. Barnaby's factual allegations allege <u>only</u> claims regarding the 2010 foreclosure proceeding, which has identical facts to the state court proceeding.

For the foregoing reasons, as to the entities with which Berrien County and Mr. Witkowski are in privity, claim preclusion bars Mr. Barnaby's claims against them.

### *2. Mr. Barnaby's claims are barred by issue preclusion.*

Mr. Barnaby's claims are also barred by issue preclusion. Issue preclusion serves to bar issues that have already been adjudicated by a previous court. It "bars subsequent relitigation of a fact or issue where that fact or issue was necessarily adjudicated in a prior cause of action and the same fact or issue is presented in a subsequent suit." *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 589 (6th Cir. 2009). Issue preclusion applies when "an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138 (2015) (quoting Restatement (Second) of Judgments § 27 (1982)).

Under issue preclusion, a prior decision on an issue of law necessary to a judgment is conclusive in subsequent cases involving any party to the prior

18

litigation, even if the new case is based on a different cause of action. *Rambacher v. C.I.R.*, 4 F. App'x 221, 223 (6th Cir. 2001) (citing *United States v. Mendoza*, 464 U.S. 154, 158-59 (1984)).

The subject matter of this lawsuit is the same subject matter that was previously litigated in the state case and the *Witkowski* matter. Mr. Barnaby asserts issues that were decided in prior matters (gross negligence, theft, due process violations, and fraudulent misrepresentation). The issues of whether the foreclosures were valid, whether any of the parties involved in the foreclosures had committed fraud or misrepresented any material information to Mr. Barnaby, whether Mr. Barnaby was entitled to receive the return of the properties or any damages arising from the foreclosures have already been fully litigated. *See Barnaby v. Witkowski*, No. 1:14-CV-1279, 2018 WL 3787961 (W.D. Mich. Jan. 12, 2018), aff'd 758 F. App'x 431 (6th Cir. 2018); *see also* R. 57-9. All of Mr. Barnaby's claims in this case require a finding that the foreclosures were invalid. They were not (as prior courts have held time and again). As such, Mr. Barnaby's claims are barred by issue preclusion.

**B. Mr. Barnaby's claims are devoid of merit.**

"A district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated,

4861-9674-4804_1

unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3 477, 479 (6th Cir. 1999). When a district court is faced with a complaint that appears to be frivolous or unsubstantial in nature, dismissal under Rule 12(b)(1) where, as here, the claims are deemed totally implausible. *Id.* at 480.

The district court correctly dismissed Mr. Barnaby's complaint *sua sponte* because his claims were devoid of merit. As to Benton Harbor, Mr. Barnaby does not contend anywhere in his Second Amended Complaint that Benton Harbor was involved in the foreclosure of the properties or in the alleged "wide-ranging conspiracy" between Berrien County and its court system regarding the foreclosures. His claims of forgery, fraud, conspiracy, and due process violations lack merit against Benton Harbor because he does not specify any actions or omissions made by Benton Harbor, who appears to have been included in this matter solely because some of Mr. Barnaby's properties were situated within its borders. Although some of Mr. Barnaby's properties were situated in Benton Harbor, the county, not the municipality, is the entity responsible for foreclosing on delinquent properties. See MCL 211.78(6) ("The foreclosure of forfeited property by a county is . . . not an activity or service required of units of local government[.]").

Moreover, numerous of Mr. Barnaby's claims against Benton Harbor lacked any private cause of action. He cites to 18 U.S.C. § 471, a criminal statute which punishes forgery and creates no private cause of action. *See Malcom v. Colonial Life*

& *Accident Co.*, Nos. 21-11514, 21-12142, 2022 WL 468949, at *2 (E.D. Mich. Feb. 15, 2022). The same is true for the federal mail fraud statute, 18 U.S.C. § 1341, *see Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001); and the Michigan criminal forgery statute, Mich. Comp. Laws § 750.248, *see White v. Perron*, No. 2:20-cv-247, 2021 WL 3855589, at *17 (W.D. Mich. Aug. 30, 2021).

In addition to the meritless claims in Mr. Barnaby's Second Amended Complaint, Mr. Barnaby's appeal brief also improperly attempts to assert additional arguments against Benton Harbor that are absent from the Second Amended Complaint. Specifically, the appeal brief broadly alleges that the appeal is not barred by claim or issue preclusion or devoid of merit because his injury arose from Defendants' false affidavits or other false documents offered in the state court and *Witkowski* matters. Appellant's Brief, Page ID # 42.[2] However, the allegations regarding forged affidavits and deposition testimony pertain <u>only</u> to Berrien County and Bret Witkowski through his law firm Holmstrom Law Office PLC, and not to Benton Harbor:

> But after Sixth Circuit remand [sic] the case [*Witkowski*], Defendants Berrien County and Defendants Holmstrom's filing of false affidavit, forgery documents, repeatedly

---

[2] Prior to this appeal, these issues were not raised in the operative complaint. Instead, they are discussed only in the Proposed Amended Complaint and Mr. Barnaby's Motion to Amend, for which leave to file was denied. R. 36, 37. The district court properly rejected Mr. Barnaby's motion for leave to file the amended complaint because it was futile, as discussed in Section III, *infra*.

21

> made false statements or perjuries in deposition, repeated
> lies and or perjuries in pleadings, of fraudulent
> misrepresentations or omissions and illusory truths, both
> in the District/Appellate-Courts' [sic] proceedings that . .
> . stopped [Mr. Barnaby] from getting the relief he
> warrants.

Appellee's Brief, Page ID # 12-13.

Mr. Barnaby has failed to specifically allege that Benton Harbor provided any of these allegedly false documents, because it has not. Nor has Benton Harbor been a party to those previous proceedings, or provided any documents or discovery in those proceedings. Thus, the claims regarding forged affidavits and documents in the *Witkowski* matter are meritless against Benton Harbor. To the extent that the Court determines that the issue of the alleged false affidavits or testimony is one that should be remanded for further proceedings, it should be remanded only as to defendants Berrien County, the Holmstrom Law Office, and Bret Witkowski and not Benton Harbor.

This appeal is another attempt by Mr. Barnaby to re-package and re-litigate his claims regarding the 2010 foreclosures of his property. The district court properly dismissed Mr. Barnaby's claims in their entirety under Fed. R. Civ. P. 12(b)(1) because they are barred be res judicata. And his claims of forgery, fraud, due process violations, and conspiracy against Benton Harbor are meritless because it had no involvement whatsoever in the foreclosure, its enforcement, or the lawsuits subsequent to the foreclosure.

4861-9674-4804_1

For these reasons, this Court should affirm the district court's decision that Mr. Barnaby's claims were barred by res judicata and devoid of merit.

## II.    THE DISTRICT COURT HAD AUTHORITY TO DISMISS MR. BARNABY'S SECOND AMENDED COMPLAINT *SUA SPONTE*.

Mr. Barnaby argues that the district court judge did not have the authority to raise res judicata *sua sponte* because it is a defense that should be raised by the party and not the court. Appellee's Brief, Page ID # 23-24. However, when "a court is on notice that it has previously decided the issue presented[,]" a court may raise res judicata *sua sponte*. *Arizona v. California*, 530 U.S. 392, 412 (2000); *see also Holloway Constr. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (a district court may raise res judicata *sua sponte* based on its own prior judgment).

*Holloway* is directly on point. In that case, appellant challenged the ability of a district court judge to raise res judicata *sua sponte*. This Court dismissed the argument favorably citing Chief Justice Rehnquist's dissenting opinion in *United States v. Sioux Nation of Indians* noting the policy's benefit to judicial economy:

> This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste. *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948); *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 328 (1971); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 (1979).

448 U.S. 371, 432 (1980) (Rehnquist, C.J., dissenting).

4861-9674-4804_1

Here, the Western District of Michigan is the same court in which Mr. Barnaby's previous two lawsuits—both *Witkowski* and *Mayfield*—were adjudicated. *See Barnaby v. Witkowski*, No. 1:14-CV-1279, 2018 WL 3787961 (W.D. Mich. Jan. 12, 2018), aff'd 758 F. App'x 431 (6th Cir. 2018); *see also Barnaby v. Mayfield*, No 1:20-cv-232, 2021 U.S. Dist. LEXIS 80486 (W.D. Mich. May 7, 2020). Given Mr. Barnaby's extensive history in the Western District of Michigan, the court was on notice of Mr. Barnaby's previous claims.

In sum, it is unquestionable that the district court has the ability to—and *should*—dismiss a complaint on res judicata principles when that court itself has previously heard the claims that trigger res judicata.

## III.  THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING MR. BARNABY LEAVE TO FILE THE PROPOSED AMENDED COMPLAINT.

The district court correctly determined that allowing Mr. Barnaby to file the Proposed Amended Complaint because it was futile. Under Fed. R. Civ. P. 15(a), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." However, "leave to amend a complaint may be denied where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party for virtue of allowance of the amendment, and futility of amendment." *Beydoun v. Sessions*, 871

4861-9674-4804_1

F.3d 459, 469 (6th Cir. 2017) (citation and quotations omitted). "A proposed amendment to a complaint is futile if it would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted." *Moher v. United States*, 875 F. Supp. 2d 739, 747 (W.D. Mich. 2012) (citing *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005)).

Mr. Barnaby appears to contend that he was entitled to amendment as of right under Fed. R. Civ. P. 15(a)(1). Appellant's Brief, Page ID # 28. But that Rule only provides a party authority to amend once, and of course, within the prescribed timeframe. *See* Fed. R .Civ. P. 15(a)(1). Mr. Barnaby had already filed once as a matter of course under the Rule, and the Proposed Amended Complaint here is well after the 14-day amendment timeframe in any event.

In the alternative, Mr. Barnaby states that justice so required the court to grant his motion for leave to amend the complaint. Appellant's Brief, Page ID # 32. In support he simply states that "the Amended or Leave to Amend Complaint (ECF No. 36), is unique, does not cause unnecessary delay, and is not futile." *Id*. For the reasons stated by the Court in denying Mr. Barnaby's motion, the Proposed Amended Complaint was futile because it did not cure the defects in the Second Amended Complaint.

Mr. Barnaby's Proposed Amended Complaint, R. 36, added nine new defendants, sixteen new counts, and zero new substantive allegations. Mr. Barnaby's

chief complaint in both the operative complaint and the Proposed Amended Complaint are that (1) allegations that the foreclosure of his property was improper, and (2) those involved in the foreclosure of the property and subsequent lawsuits acted illegally or wrongly. These issues have already been addressed and dismissed by prior courts, and would not have cured the defects outlined in the magistrate judge's Report and Recommendation. R. 16.

In addition, the amended complaint was also futile because each of the defendants that Mr. Barnaby added in the Proposed Amended Complaint were judges, who have an absolute bar to civil liability. *See White v. Stephens*, No. 13-2173, 2014 WL 4925867, at *4 (W.D. Tenn. Sept. 30, 2014); *Fitts v. Snyder*, No. 2:12-CV-13575, 2014 WL 2605429, at *4 (E.D. Mich. June 11, 2014).

## CONCLUSION

Mr. Barnaby has litigated this matter to its conclusion in at least three different actions. The district court had authority to, and did, correctly dismiss Mr. Barnaby's claims for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) because his claims are precluded by res judicata or were devoid of any merit. Moreover, the Proposed Amended Complaint was futile as it simply re-packaged Mr. Barnaby's barred claims, and it would not have saved Mr. Barnaby's suit. Therefore, the City of Benton Harbor respectfully requests that this Court affirm the judgment of the district court.

4861-9674-4804_1

Respectfully submitted,

BODMAN PLC

By: /s/ Thomas J. Rheaume, Jr.
    Thomas J. Rheaume, Jr. (P74422)
    Emily P. Jenks (P84497)
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, Michigan 48226
trheaume@bodmanlaw.com
ejenks@bodmanlaw.com
(313) 259-7777
Attorneys for Defendant-Appellee
The City of Benton Harbor

May 16, 2023

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the typeface and length requirements of Fed. R. App. P. 32(a)(5) and (a)(7). This brief has been prepared in a proportionally spaced typeface using Word Times New Roman font in 14 point pitch and contains 5,832 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

Respectfully submitted,

BODMAN PLC

By:  /s/ Thomas J. Rheaume, Jr.
    Thomas J. Rheaume, Jr. (P74422)
    Emily P. Jenks (P84497)
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, Michigan 48226
trheaume@bodmanlaw.com
ejenks@bodmanlaw.com
(313) 259-7777
Attorneys for Defendant-Appellee
The City of Benton Harbor

4861-9674-4804_1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 16, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the RE system which will send notification of such filing to all counsel of record. I hereby certify that I also served the foregoing paper by first class mail to:

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156

Respectfully submitted,

BODMAN PLC

By: /s/ Thomas J. Rheaume, Jr.
  Thomas J. Rheaume, Jr. (P74422)
  Emily P. Jenks (P84497)
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, Michigan 48226
trheaume@bodmanlaw.com
ejenks@bodmanlaw.com
(313) 259-7777
Attorneys for Appellees

29

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

Defendant/Appellee the City of Benton Harbor designates the following

relevant district court documents cited in this brief and for this Court's reference:

| Description of Entry | Record Entry No. | Page ID # Range |
|---|---|---|
| Complaint | 1 | Page ID # 1-7 |
| First Amended Complaint | 6 | 35-102 |
| Second Amended Complaint | 10 | 161-228 |
| Order Transferring Case to Western District of Michigan | 11 | 229-232 |
| Report and Recommendation | 16 | 9-18 |
| Plaintiff's Proposed Amended Complaint | 36 | 173-265 |
| Plaintiff's Motion to Amend | 37 | 266-284 |
| Plaintiff's Objections to Report and Recommendation | 57 | 525-559 |
| Sixth Circuit Decision Remanding *Witkowski* Case | 57-8 | 637-640 |
| Sixth Circuit Decision Affirming Dismissal of *Witkowski* Case | 57-9 | 642-643 |
| Sixth Circuit Order Affirming Denial of Motion for Reconsideration | 57-10 | 645 |
| Order Denying Motion To Amend Complaint | 62 | 879-882 |
| Notice of Appeal of Denial of Motion to Amend to District Court Judge | 63 | 883-886 |
| Brief in Support of Appeal of Denial of Motion to Amend to District Court Judge | 64 | 887-922 |
| Order Approving and Adopting Report and Recommendation and Dismissing Case | 67 | 939-943 |
| Order Dismissing Case | 68 | 944 |
| Plaintiff's Notice of Appeal | 69 | 945 |